**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**
**CASE NO.**

ALIX PATTON VOSTREJS,
individually and
on behalf of all others similarly situated,

**CLASS ACTION**

Plaintiff,

**JURY TRIAL DEMANDED**

v.

MONSTER RESERVATIONS GROUP, LLC,

Defendant.
_____________________________________________/

# CLASS ACTION COMPLAINT

Plaintiff Alix Patton Vostrejs brings this class action against Defendant Monster Reservations Group, LLC, and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1. Plaintiff brings this class action against Defendant under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Defendant routinely violates 47 C.F.R. § 64.1200(c) and, in turn, 47 U.S.C. § 227(c)(5), by making telemarketing calls to residential telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without prior express invitation or permission.

3. Through this action, Plaintiff seeks statutory on behalf of Plaintiff and the Class members under the TCPA.

## PARTIES

4. Plaintiff is a natural person and a citizen and resident of Elbert County, Colorado

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant is a foreign corporation with its principal place of business located in South Carolina.

## JURISDICTION AND VENUE

7. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff allege violations of a federal statute.

8. Defendant is subject to personal jurisdiction in Colorado because this suit arises out of and relates to Defendant's contacts with this state. Defendant initiated and directed telephone solicitations into Colorado to persons like Plaintiff whose cellphone is associated geographically with Colorado.

## FACTS

9. Plaintiff is the subscriber to and customary user of her cellular telephone number—303-XXX-0661.

10. Plaintiff cellular telephone number has been registered on the DNC Registry since July 27, 2021 and the number has been registered continuously since that date.

11. Plaintiff utilizes her cellular phone as her residential telephone number and the number is the only way to reach Plaintiff when she is at home as Plaintiff does not have a landline number. Plaintiff utilizes his cellular telephone for personal purposes and as her home phone.

12. Plaintiff uses the telephone number for personal, family, and household purposes.

13. Despite listing her number on the National DNC, Defendant called Plaintiff's cellular telephone June 17, 2026, June 25, 2026, August 18, 2026 and September 15, 2026.

14. The calls originated from telephone number 720-802-8096, which is owned and utilized by Defendant to place outbound marketing calls.

15. Defendant also left the following voicemails each time it called Plaintiff:













16. Plaintiff never asked for these calls.

17. Plaintiff has never done any business with the Defendant.

18. Plaintiff's privacy has been violated by the above-described telemarketing calls.

19. Plaintiff never provided her consent or permission for the calls.

20. Plaintiff received more than one call within a 12-month period and more than 30 days after registering her number on the DNC.

21. As reflected by the above voicemails, the calls were made to advertise Defendant's products and services.

22. The calls were all unwanted, nonconsensual encounters.

23. Plaintiff and all members of the Classes, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, storage space, and bandwidth, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## CLASS ALLEGATIONS

24. Plaintiff brings this action on behalf of herself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

25. Plaintiff proposes the following Class definitions, subject to amendment as appropriate after the completion of discovery:

> **<u>TCPA DNC Registry Class</u>:** All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) and who received more than one telephone call from Defendant regarding renewal of a subscription for Defendant's good and/or services; (3) during any 12-month period; (4) within the four years prior to the filing of the Complaint.

26. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes as she has no interests that conflict with any of the Class members.

27. Excluded from the Classes are counsel, Defendant, and any entities in which Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

28. Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

29. Members of the Classes as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

30. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

31. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

32. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

33. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

34. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including, but not limited to, the following:

a) Whether Defendant made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

b) Whether Defendant complied with the DNC requirements of the TCPA;

c) Whether Defendant's conduct constitutes a violation of the TCPA; and

d) Whether members of the Class are entitled to damages.

35. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so.

36. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

37. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**COUNT I**
**Violations of the TCPA**
**47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)**
**(On behalf of Plaintiff and the TCPA DNC Registry Class)**

38. Plaintiff realleges and incorporates by reference paragraphs 1-37.

39. It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

40. Defendant violated the TCPA by causing multiple telephone solicitation calls to be initiated to Plaintiff and members of the National DNC Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

41. These violations were willful or knowing.

42. As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's national do-not-call rule, Plaintiff and members of the National DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

43. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, respectfully requests that the Court enter judgment against Defendant for:

A. Certification of the Classes as alleged herein;

B. Appointment of Plaintiff as representative of the Classes;

C. Appointment of the undersigned as counsel for the Classes;

D. Statutory damages to Plaintiff and members of the Classes under the TCPA; and

E. Such other or further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

DATED: 11.18.2026

Respectfully submitted,

**HIRALDO P.A.**

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
246 Shore Court
Lauderdale By The Sea, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713

**EISENBAND LAW, P.A.**
Michael Eisenband
Florida Bar No. 94235
515 E. Las Olas Boulevard, Suite 1301
Ft. Lauderdale, Florida 33301
MEisenband@Eisenbandlaw.com
Telephone: 954.732.2792
*Attorneys for Plaintiff*